IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| ROBERT HEFFERNAN, <br> ADC #76641 <br> <br> Petitioner, <br> v. <br> <br> WENDY KELLEY, Director, <br> Arkansas Department of Correction, <br> <br> Respondent. | * <br> * <br> * <br> * <br> *     No. 5:18CV00057-SWW-JJV <br> * <br> * <br> * <br> * <br> * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Mr. Heffernan was convicted in the Circuit Court of Saline County of capital felony-murder in August 1981, and sentenced to life in prison without the possibility of parole. He appealed and the Arkansas Supreme Court affirmed. *Heffernan v. State*, 278 Ark. 325, 645 S.W.2d 666 (1983). In affirming Mr. Heffernan's conviction, the Court recited the facts of the case as follows:

> The state adduced evidence that the victim, a fourteen year old girl, was abducted from a laundromat in Benton, Arkansas, raped and shot four times on February 3, 1980. The body was discovered the next day near Benton. The appellant, along with a man named Joseph Michael Breault and two women, all transients, camped at a park near Benton on February 2 and left on February 5, though they had originally paid to stay through February 6. One of the women testified that the appellant and Breault were armed but they disposed of the guns. A .357 Magnum, owned by the appellant, was subsequently retrieved from a lake. Ballistics tests demonstrated that this gun was the weapon from which the fatal bullets were fired. Glitter and hair were found on pants in the truck driven by the appellant and Breault, matching glitter and hair found on the clothing of the deceased. Appellant and Breault were later arrested in Colorado.

*Id*. at 326.

Now before the Court is Mr. Heffernan's Petition for Writ of Habeas Corpus. (Doc. No. 1.) As Respondent points out, this is Mr. Heffernan's eighth habeas petition. (Doc. No. 14 at 2-

4.)

Mr. Heffernan's most recent petition in this Court was dismissed on April 20, 2012, as being successive. (*Heffernan v. Hobbs*, 5:12CV00065-SWW-HDY, Doc. No. 14-9.) After carefully reviewing the instant Petition and Response, I recommend this Petition be DISMISSED without prejudice as being successive.

## II.    ANALYSIS

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). As Petitioner well knows (Doc. Nos. 14-6 & 14-8), the court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

As has been stated before, the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's

authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Heffernan sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this Petition. He must apply for and receive permission from the Eighth Circuit before filing any habeas corpus petition that challenges his convictions or sentences. Therefore, I find this Court does not have jurisdiction over Mr. Heffernan's claims.

I note Mr. Heffernan has and continues to raise a claim of actual innocence in his Petition. (Doc. No. 1.) Nevertheless, the instant Petition is successive and must be dismissed. If Mr. Heffernan wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. At present, this Court simply does not have jurisdiction over Mr. Heffernan's claims. The dismissal should be without prejudice so Mr. Heffernan may refile his Petition should the Eighth Circuit again grant him permission to proceed.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. Heffernan's § 2254 Petition (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

2. No certificate of appealability shall issue.[1]

DATED this 16th day of April, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petition is clearly successive, no certificate of appealability shall be issued.